UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 15-26-HRW

PAMALA NEWSOME, Individually,
DAVID NEWSOME, Individually, and
PAMALA NEWSOME and
DAVID NEWSOME, as Guardians of
GRACIE NEWSOME, a minor under the
age of Fourteen (14) years,                                          PLAINTIFFS,

v.

FREDERICK & MAY LUMBER, CO.,
RONALD D. WILLIAMS, and
LIBERTY MUTUAL INSURANCE COMPANY,                                     DEFENDANTS.

v.

ROBERT NEWSOME, JR.,                                    THIRD-PARTY DEFENDANT,

v.

LIBERTY MUTUAL INSURANCE CO.,                           THIRD-PARTY DEFENDANT.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiffs' Motion to Remand [Docket No. 7], Liberty Mutual Insurance Company's Motion to Realign Parties [Docket No. 10], Liberty Mutual Insurance Company's Motion to Strike Select Portions of Plaintiffs' Reply to Liberty Mutual Insurance Company's Response to Plaintiffs' Motion to Remand [Docket No. 13] and Liberty Mutual Insurance Company's Motion to Sever Any Remaining State Claims and Remand [Docket No. 14]. The motions have been fully briefed by the parties [Docket Nos. 8, 9, 11, 12,

15, 16, 17 and 19]. For the reasons stated herein, the Court does not have subject matter jurisdiction over this case and, therefore, remand is required

### I.

This case arises from an automobile accident which occurred in Boyd County, Kentucky on June 25, 2010. On that afternoon, Robert Newsome, Jr. Was operating his mother Pamala Newsome's car on Route 60 in Boyd County, Kentucky. His younger sister, Gracie Newsome, was a passenger in the back seat. Immediately behind the Newsome's vehicle, Ronald Williams was driving a fully loaded tractor-trailer, owned by his employer Frederick and May Lumber Company. A deer came onto the road, in front of the Newsome's vehicle. Newsome applied his brakes but, nonetheless, hit the deer. His car was immediately struck from behind by Williams' tractor-trailer. As a rseult of the collision, Gracie Newsome, suffered severe brain injuries. At the time of the accident, the tractor-trailer driven by Williams on behalf of his employer was insured by Liberty Mutual Insurance Company (hereinafter "Ohio Casualty").[1]

On June 22, 2012, Pamala Newsome, Individually, David Newsome, Individually, and Pamala Newsome and David Newsome, as Guardians of Gracie Newsome, a minor, filed this civil action in the Circuit Court of Boyd County, Kentucky against Ronald Williams and Frederick and May Lumber Company (hereinafter "Lumber Co."), alleging negligence [Docket No. 1-1, pages 71-76].

On September 5, 2012, Defendants Williams and Lumber Co. filed a Third-Party

---

[1] According to Liberty Mutual, it did not underwrite the subject policy and is not a proper party to this lawsuit. The Ohio Casualty Insurance Company is the proper underwriting company, number BAO (10) 53 66 32 09, issued to Frederick & May Lumber Co., Inc. for the policy period of July 1, 2009 to July 1, 2010. However, no motions to substitute have been filed. For the purposes of this Opinion, the Court will refer to the insurer as "Ohio Casualty."

2

Complaint against Robert Newsome, Jr. [ Docket No. 1-1, pages 147 – 151].

On May 29, 2013, Plaintiffs filed an Amended Complaint, which included the original cause of action for negligence, an additional allegation of negligent training and negligent supervision against Defendant Lumber Co as well an allegation of a violation of the Federal Motor Carrier Safety Act ("FMCSA") [ Docket No. 1-3, pages 22 – 29].

On June 24, 2013, Defendants filed a Notice of Removal to the United State District Court, Eastern District of Kentucky, Northern Division, in Ashland, pursuant to 28 U.S.C. § 1331 [Docket No.1-3, pages 72 – 75]. The United District Court for the Eastern District of Kentucky remanded the matter back to Boyd Circuit Couyrt [Docket No. 1-3, pages 92-93]. In doing so, the undersigned stated that although the addition of an allegation of violation of federal law brought this case to the doorstep of this Court, the question remained whether this Court should *retain* jurisdiction. Applying the principles of comity and federalism, and noting that the question of negligence dominated over issues of regulatory violation, this Court abstained from exercising jurisdiction and remanded the case back to state court *Id.*

On February 12, 2015, the Newsomes filed a Motion for Leave to Assert a Third-Party Complaint against Ohio Casualty, the Defendants' insurer, alleging violations of Kentucky's Unfair Claims and Settlement Practices Act [Docket No. 1-2, pages 15-18 and 1-13].

On March 26, 2015, the Honorable David C. Hagerman convened a hearing in the Boyd Circuit Court with regard to Plaintiff's Third-Party Complaint. Ohio Casualty appeared by counsel. At some point during the hearing, counsel for Plaintiffs, Defendants, Third-Party Defendant and Ohio Casualty adjourned to the Judge's chambers to discuss the mediation which had concluded the previous day and resulted in Plaintiffs and the Defendants reaching a

settlement. At that time however, the settlement was not reduced to writing nor did the Court issue an *Order of Dismissal* dismissing any of the Defendants.

Ohio Casualty was not a party to the settlement agreement and Plaintiffs specifically reserved their right to pursue their extra-contractual claims against it. Plaintiffs' Motion to pursue claims against Ohio Casualty was sustained and an Order to that effect was entered by the Clerk of the Court on March 27, 2015.

On April 13, 2015, Plaintiffs filed a Motion for Approval of Minor Settlement and a proposed Order Approving Minor Settlement [Docket No. 1-12, pages 52 – 58]. Paragraph eight (8) of the proposed Order Approving Minor Settlement states, "That upon completion of the minor settlement, the underlying Tort-Action against Defendants (Lumber Co.) and (Mr. Williams) and against Third-Party Defendant (Robert Newsome, Jr.) shall be dismissed with prejudice." *Id.*

On April 21, 2015, Defendants Lumber Co. and Mr. Williams served Plaintiffs with their mutual objections to Plaintiffs' motion [Docket No. 7-4]. The objection was served on all counsel, including Ohio Casualty's.

On April 22, 2015, Plaintiffs filed an Amended Motion for Approval of Minor Settlement and amended proposed Order Approving Minor Settlement [Docket No. 7-5]. The amended proposed Order Approving Minor Settlement provided that after Plaintiffs obtained Circuit Court approval of the minor settlement, they would then obtain District Court approval of the minor settlement prior to disbursement of settlement proceeds. Paragraph nine (9) of the amended proposed Order Approving Minor Settlement stated, again, "That upon completion of the minor settlement, the underlying Tort-Action against Defendants (Lumber Co.) and (Mr. Williams) and

against Third-Party Defendant (Robert Newsome, Jr.) shall be dismissed with prejudice." Again, this was served upon all counsel, including Ohio Casualty's.

On April 24, 2015, the Circuit Court of Boyd County entered an Order setting a Hearing on May 12, 2015 to discuss the pending Amended Motion for Approval of Minor Settlement [Docket No. 7-8]. This Order was sent to all counsel, including Ohio Casualty's.

On the same day, Ohio Casualty filed a Notice of Removal alleging federal jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441 [Docket No.1]. In asserting that requirements of diversity under Section 1332 had been met, Ohio Casualty stated the amount in controversy exceeded the jurisdictional minimum. With regard to diversity of citizenship, it stated Plaintiffs are citizens of the Commonwealth of Kentucky and Ohio Casualty is a corporate citizen of the state of New Hampshire. As for the other parties, Ohio Casualty alleged that Plaintiffs, Defendants Lumber Co. and Williams and Third-Party Defendant Newsome had settled their claims prior to Plaintiffs asserting claims against Ohio Casualty and made no statements as to their citizenship.

The Notice of Removal stayed any action by the Circuit Court of Boyd County to resolve and finalize the settlement of the underlying tort-actions.

Plaintiffs seek a remand of this matter, arguing that diversity of citizenship does not exist between the parties.[2] Although Plaintiffs and Ohio Casualty hail from different states, Defendants Lumber Co. and Williams are citizens of the Commonwealth of Kentucky. Their common citizenship with Plaintiffs destroy diversity. As such, this Court does not have jurisdiction over this matter.

---

[2] Neither party has raised any question with regard to the amount in controversy.

5

## II.

A civil action may be removed from a state court if the federal courts would have had original jurisdiction based on diversity of citizenship, 28 U.S.C. § 1441, provided that no defendant "is a citizen of the State in which such action is brought." *Id.* § 1442(b)(2). Defendants must file a notice of removal "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading," *id.* § 1446(b)(1), or "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). The 30-day clock begins ticking "from the date that a defendant has *solid* and *unambiguous* information that the case is removable." *Holston v. Carolina Freight Carriers Corp.*, No. 90-1358, 1991 WL 112809, at *3 (6th Cir. June 26, 1991) (emphasis added). Solid and unambiguous information that a case is removable includes formal documents that "trigger" a defendant to seek removal. *See id.* at *4. Section 1446(b)'s requirement of a formal trigger is meant to prevent defendants from manipulating the rules of procedure. *See id.*

Ohio Casualty argues that its Notice of Removal was proper as it was filed within thirty days of Plaintiffs reaching a settlement agreement with Defendants Lumber Co. and Williams, as well as Third-Party Defendant Newsome. The settlement, according to Ohio Casualty, extinguished Plaintiffs' claims against those parties, who, are non-diverse. Therefore, their absence creates the diversity of citizenship necessary for removal. While Ohio Casualty acknowledges that the settlement agreement has not been reduced to writing, nor have the Defendants been dismissed from lawsuit, it contends that these "formalities" do not affect Plaintiffs' claim against it or the removal of this case.

Yet these "formalities," to-wit, a written agreement, an Order of Dismissal, court approval of the settlement, do, in fact, preclude removal. In *Friedlander v. Fifth Third Bank*, this District's Chief Judge Karen Caldwell contemplated this very issue. *Friedlander v. Fifth Third Bank*, Civil Action No. 5:14-299-KKC at Docket No. 7. In finding that, notwithstanding a successful mediation and agreement to settle, the §1446 30-day clock did not begin to run until the day a Stipulation and Agreed Order of Dismissal was filed, she stated:

> An agreement to settle all claims, without more, is not a **formal trigger** that establishes solid and unambiguous information that a case is removable. An agreement to settle may be "fraught with uncertainty [or] thwarted by a last minute change of heart or a debate over minutiae at the signing table." Further, the uncertainty surrounding an agreement to settle is increased if all parties are not privy to the same information.

*Id.* at 3 (emphasis added) (internal citations omitted).

She further noted:

> [A] number of different *documents* may serve as "formal triggers." These may include deposition testimony, *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002), an executed release, *Oakes v. Allstate Ins. Co.*, No. 505CV174R, 2005 WL 3134042, at *2 (W.D. Ky. Nov. 19, 2005), formal discovery responses, *Bechtelheimer v. Cont'l Airlines, Inc.*, 755 F. Supp. 2d 1211, 1214 (M.D. Fl. 2010), but *not* oral assertions, *Callen v. Callen*, 827 F. Supp. 2d 214, 216 (S.D.N.Y. 2011).

*Id.*

Similarly, in *Reid v. American Commerce Insurance Company*, Judge Reeves observed:

> [F]or a case to become removable as a consequence of a settlement between the plaintiff and . . . [a] nondiverse party, a defendant must be able to establish with a reasonable degree of certainty that dismissal of the nondiverse defendant is an inevitability . . . Settlement negotiations are fraught with uncertainty and are often thwarted by a last minute change of heart or a debate over minutiae at the signing table.

*Reid v. American Commerce Insurance Company*, Civil Action No. 6:7-73-DCR at Docket No.

10 (internal citation omitted).

In this case, Ohio Casualty puts the cart before the horse. Without court approval of the settlement, a written agreement memorializing its terms, or an Order of Dismissal, Defendants Lumber Co. and Williams are still very much in this lawsuit. Therefore, their citizenship cannot be ignored in determining diversity for the purposes of removal. Given that they are non-diverse, this matter cannot be removed based upon diversity.

Ohio Casualty also urges this Court to realign the parties, maintaining that Plaintiffs arbitrarily labeled it as a Third-Party Defendant, whereas it is actually a Defendant. The Court agrees that where jurisdiction is premised on diversity, "it is the court's responsibility to ensure that the parties are properly aligned according to their interest in the litigation." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010). However, in this instance, even if the undersigned were to realign the parties, and identify Ohio Casualty as a Defendant, removal would still be inappropriate as Lumber Co. and Williams are also Defendants, who are also non-diverse. In other words, realignment does not help Ohio Casualty's cause.

Plaintiffs seek an award of attorneys' fees and expenses associated with their Motion to Remand. The Court is not inclined to make such an award. While Ohio Casualty jumped the proverbial gun by filing its Notice of Removal, it did not act in bad faith or otherwise engage in machinations. To quote Judge Caldwell, Ohio Casualty's actions "illustrate earnestness, not chicanery." *Friedlander*, Docket No. 7 at page 3. The Court finds no basis for an award of fees or costs.

IV.

This Court does not have subject matter jurisdiction over this action.

Accordingly, **IT IS HEREBY ORDERED** that:

(1)   Plaintiff's Motion to Remand [Docket No. 7] be **SUSTAINED**;

(2)   Liberty Mutual Insurance Company's Motion to Realign Parties [Docket No. 10] be **OVERRULED**;

(3)   Liberty Mutual Insurance Company's Motion to Strike Select Portions of Plaintiff's Reply to Liberty Mutual Insurance Company's Response to Plaintiffs' Motion to Remand [Docket No. 13] be **OVERRULED**; and

(4)   Liberty Mutual Insurance Company's Motion to Sever Any Remaining State Claims and Remand [Docket No. 14] be **OVERRULED.**

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Boyd Circuit Court for further proceedings.

This 31st day of March, 2016.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**